IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK LEISCHNER and TAMMY LEISCHNER,<br><br>               Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORP.; BANK OF AMERICA, N.A., as successor by merger to BAC Home Loans Servicing, f/k/a Country Wide Homes Loans Servicing, LP; and NATIONSTAR MORTGAGE, LLC,<br><br>               Defendants. | CV 17-49-BLG-TJC<br><br>**ORDER** |

Before the Court are two motions to dismiss, one filed on April 24, 2017, by defendant Nationstar Mortgage, LLC ("Nationstar") (Doc. 3) and another filed on June 27, 2017, by defendants Bank of America Corp. and Bank of America, N.A. (collectively, "BANA") (when referring to BANA and Nationstar, "Defendants") (Doc. 8). Each motion seeks the dismissal in full of the Complaint and Demand for Jury Trial (Doc. 6) ("Complaint") filed by plaintiffs Mark Leischner and Tammy Leischner (collectively, "Plaintiffs"). For the reasons that follow, the Court finds that other circumstances command the dismissal of this case, and therefore denies Defendants' motions as moot.

1

## I. Pertinent Facts

Plaintiff Mark Leischner previously brought an action against these same Defendants in the Montana Thirteenth Judicial District Court in September 2014. (Doc. 4-1.) The action was promptly removed to this Court (Doc. 4-2), and Defendant BANA moved to dismiss the complaint. (Doc. 4-3). Without ever responding to BANA's motion, Mark Leischner ultimately filed a motion to dismiss his complaint, without prejudice. (Doc. 4-7). The motion was granted on February 4, 2015. (Doc. 4-8.)

Almost two years later, Plaintiffs filed their present Complaint in the Montana Thirteenth Judicial District Court on January 13, 2017. (Doc. 1-1.) The present Complaint is nearly identical to the 2014 complaint. Defendant Nationstar again removed the case to this Court on April 24, 2017 (Doc. 1), and immediately filed its Motion to Dismiss (Doc. 3; "Nationstar Motion"). BANA filed its Motion to Dismiss (Doc. 8; "BANA Motion") on June 27, 2017.

Under the Local Rules of Procedure for the District of Montana ("L.R."), Plaintiffs' responses were due within 21 days after the motions were filed. L.R. 7.1(d)(1)(B)(i). Plaintiffs have not responded to either motion.

The next noteworthy filing occurred on August 7, 2017, when the Clerk of Court filed the various consent forms evincing the parties' agreement to consent to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)

and Fed. R. Civ. P. 73. (Doc. 12.) That docket entry is significant because it contains the signatures of both Plaintiffs, indicating that they have received correspondence from the Court.

On September 21, 2017, nearly five months after the Nationstar Motion and three months after the BANA Motion, the Court entered an Order requiring Plaintiffs to show cause, on or before October 5, 2017, why the Court should not deem Defendants' motions to be well-taken in accordance with L.R. 7.1(d)(1)(B)(ii), which provides that "failure to file a response brief may be deemed an admission that the motion is well-taken." (Doc. 14.) The Court's Order explicitly warned Plaintiffs that failure to respond to the Order may result in the dismissal of this matter with prejudice. (*Id*. at 2.) Plaintiffs' response to the Court's Order is now nearly two months overdue, and Plaintiffs still have not responded to the Court's order, or to either of Defendants' motions.

## II. Legal Standard

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Even though the rule states that a defendant may move for dismissal under the specified circumstances, it is well-settled that the Court may dismiss a case on its own motion without awaiting a defense motion. *See Link v.*

*Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal under Rule 41(b), a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## III. Discussion

### A. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Plaintiffs have given no reason for their failure to respond to Defendants' motions, failure to comply with the Court's show-cause Order, or failure to prosecute this action. This factor weighs in favor of dismissal.

### B. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (*citing Yourish*, 191 F.3d at 990). As noted by the Ninth Circuit, "[i]t is incumbent upon us to preserve the district courts' power to

4

manage their docket without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik*, 963 F.2d at 1261.

Litigants who do not prosecute their cases and do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who responsibly manage their cases. The Court cannot manage its docket if a party ignores Court orders and fails to communicate with the Court. The Plaintiffs have been given months to comply with the local rules, and almost two months to comply with the Court's order. Under the circumstances of this case, this factor weighs in favor of dismissal.

## C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (*citing Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). However, "[t]he law…presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642 (*citing Sibron v. New York*, 392 U.S. 40, 57 (1968)).

Though Defendants have not attempted to prove that they have been prejudiced by Plaintiffs' failure to prosecute, there is a rebuttable presumption under the law that unreasonable delay results in prejudice. The Court gave Plaintiffs the opportunity to explain why they did not timely respond to Defendants' motions. Plaintiffs did not take advantage of that opportunity.

In addition, Defendants have now been sued in two separate, but nearly identical lawsuits. They have expended substantial resources in defending the actions, and in preparing and filing their motions to dismiss. To date, the Plaintiffs have failed to respond in any way, leaving the Defendants as the only active participants in this case. The Defendants have clearly been prejudiced by the Plaintiffs' successive filings and dilatory actions.

Accordingly, the Court considers Plaintiffs' failure to prosecute their case to constitute an unreasonable delay, and finds this factor weighs in favor of dismissal.

**D.  Alternatives**

"[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone*, 833 F.2d at 132. Here, the Court attempted the less-drastic measure of allowing Plaintiffs to show cause as to why they had not responded to Defendants' motions, when it could have deemed those motions to be well-taken for Plaintiffs'

6

lack of response. That order specifically warned Plaintiffs that failure to respond could result in dismissal of this case with prejudice. (Doc. 14 at 2.) At this point, Plaintiffs have both (a) failed to prosecute this case and (b) failed to comply with a Court order after having been warned that such failure could result in dismissal. If the Plaintiffs simply choose to ignore the rules of procedure and orders from this Court, there are no viable alternatives.

The Court understands its obligations to *pro se* litigants and has endeavored to fulfill them in this case. Plaintiffs were given the time afforded by L.R. 7.1 to respond to Defendants' motions, additional time to explain to the Court their failure to do so, and additional time until now to accomplish either of those tasks. They have not complied. This factor weighs in favor of dismissal.

### E. Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Ninth Circuit "[has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Since that is precisely the situation here, this factor does not weigh heavily in Plaintiffs' favor.

## IV. Conclusion

While the policy in favor of disposition on the merits may weigh marginally against dismissal under Rule 41(b), Plaintiffs' failure to prosecute this case largely neutralizes that factor, and the remaining four factors clearly weigh in favor of dismissal.

Therefore, the Court finds that this case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiffs' failure to prosecute their case, and their failure to comply with a Court order. Accordingly,

IT IS ORDERED that:

(1) This matter is dismissed with prejudice;

(2) Defendants' motions to dismiss (Docs. 3, 8) are **DENIED** as moot; and

(3) The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 28th day of November, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge